Horace N. Sherman, Respondent, *v.* The Delaware, Lackawanna and Western Railroad Company, Appellant.

In an action to recover damages for alleged negligence, it appeared that plaintiff was a passenger in a train on defendant's road, and as the train approached his destination he arose from his seat and went to the end of the car to get some baggage. On his return he tripped and fell over a board which a brakeman had placed across the aisle from one seat to the one opposite and was injured. The brakeman was called as a witness for the defendant and testified that he was standing, or about to get up, on the board when plaintiff came up and asked to be permitted to pass; the witness, in doing this, cautioned him to be careful about or look out for the board. On cross-examination said witness was asked if he did not state to plaintiff, on the train, that he had forgotten to remove or slide back the board and that it was his fault, that he was careless. This was objected to; objection overruled and witness answered, denying any such conversation, and he denied having any conversation with plaintiff after the accident. Plaintiff was subsequently recalled, and, after testifying that he did have a conversation with the brakeman, was asked to state it. This was objected to; objection overruled and exception taken. Plaintiff in giving the conversation did not testify that the brakeman stated it was his fault, but on being directed by the court to repeat the conversation included that statement. *Held*, that the reception of the evidence was error; that it

did not legitimately tend to impeach or contradict the direct testimony of the brakeman; also, the fact that the declaration was called out by the court, not in response to the question of plaintiff's counsel, and that no motion was made to strike it out did not deprive defendant of the benefit of the exception; that as the court had already ruled that the conversation was proper it was not necessary to repeat the objection.

(Argued June 14, 1887; decided October 4, 1887.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the city and county of New York, entered upon an order made November 16, 1884, which affirmed a judgment in favor of plaintiff entered upon a verdict and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Hamilton Odell* for appellant. As there was no proof of any "higher contrivance" for use in lighting lamps the plain intimation of the charge, that if any existed the defendant was bound to use it, and was guilty of negligence in not using it, was error. (*Steinweg* v. *Erie R. Co.*, 43 N. Y. 128.) It is error to submit a question to a jury where there is no evidence to authorize any finding thereon. (*Alger* v. *Gardner*, 54 N. Y. 364; *Palmer* v. *Kelly*, 56 id. 637; *Storey* v. *Brennan*, 15 id. 526, 528; *Rouse* v. *Lewis*, 2 Keyes, 359.) It was error to allow the plaintiff to relate his conversation, had after the accident, with Blaser, the defendant's brakeman, in which the brakeman said: "It is my fault, the board being left there." The brakeman's declaration was not competent evidence against the company. (*Lube* v. *H. R. R. R. Co.*, 17 N. Y. 131; *Whitaker* v. *Eight Ave. Co.*, 51 id. 295; *Shaver* v. *N. Y. & L. C. Co.*, 31 Hun, 55; *Pfeffell* v. *Second Ave. Co.*, 19 Week. Dig. 44; *Ryan* v. *Gilmer*, 2 Mont. 517; *Adams* v. *H. & St. J. R. R. Co.*, 74 Mo. 553; *Anderson* v. *R. W. & O. Co.*, 54 N. Y. 341; *Homer* v. *Everett*, 91 id. 645; *Baptist Church* v. *Brooklyn Ins. Co.*, 28 id. 160; *Darling* v. *Oswego F. Co.*, 30 Hun, 276.) A party who cross-examines a

witness as to an immaterial or a collateral matter is concluded by his answers. (*Carpenter* v. *Ward*, 30 N. Y. 243.) The court erred in permitting Dr. Sanders, to relate statements made to him by the plaintiff explaining how he received his injury. (*Wadele* v. *N. Y. C. R. R. Co.*, 95 N. Y. 274; *Page* v. *N. Y. C R. R. Co.*, 6 Duer, 531, 532; *Gardner* v. *Bennett*, 6 J. & S. 201; *Roosa* v. *Boston L. Co.*, 132 Mass. 439; *Chapin* v. *Marlborough*, 9 Gray, 244.)

*L. B. Treadwell* for respondent. There was no error in allowing plaintiff to testify to the declarations of the brakeman as to the cause of the accident. Such declarations were competent and material as a part of the *res gestæ.* (*Hagenlocher* v. *C. I. R. R. Co.*, 99 N. Y. 136; *Sloan* v. *N. Y. C. R. R. Co.*, 45 id. 125; *McGraw* v. *Latham*, 84 id. 677; *Sitterlee* v. *Gregg*, 90 id. 686; *Homer* v. *Everett*, 91 id. 641; *Powers* v. *W. Troy*, 25 Hun, 561; *Casey* v. *N. Y. C. & H. R. R. R. Co.* 78 N. Y. 518; Wharton on Ev. §§ 262, 263; *R. R. Co.* v. *Messino*, 1 Sneed [Tenn.] 220; *Gerks* v. *California Steam Nav. Co.*, 9 Cal. 251; *Hanover R. R. Co.* v. *Coyle*, 57 Penn. St. 402; *Elkins* v. *McKean*, 79 id. 493; *Brownell* v. *Pacific R. R. Co.*, 47 Mo. 240; *Harriman* v. *Stowe*, 57 id. 93; *Entwistle* v. *Feighner*, 60 id. 214; *Gildersleeve* v. *Landon*, 73 N. Y. 609; *Merritt* v. *Lyon*, 3 Barb. 110; *Nicolay* v. *Unger*, 80 N. Y. 54; *Greenfield* v. *People*, 13 Hun, 242; *Root* v. *Brown*, 4 id. 797; *Patchin* v. *Astor M. I. Co.*, 13 N. Y. 639; *Schell* v. *Plumb*, 55 id. 592; *Gilbert* v. *Sage*, 5 Lans. 287; 57 N. Y. 639; *Third Ave. R. R. Co.* v. *Ebling*, 100 id. 98.) It was for the jury to say whether, under the circumstances, it was prudent to place the board across the aisle just as the train was entering the station, and whether there was negligence on the part of the brakeman in leaving it there. (*McGovern* v. *N. Y. C. & H. R. R. Co.*, 67 N. Y. 417; *Hays* v. *Miller*, 70 id. 112; *Weed* v. *Ballston Spa*, 76 id. 359; *Hart* v. *H. R. B. Co.*, 80 id. 622; *Sheehan* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 332; *Barry* v. *N. Y. C. &*

*H. R. R. R. Co.*, 92 id. 289; *Dana* v. *N. Y. C. & H. R. R. R. Co.*, id. 639; *Wadele* v. *N. Y. C. & H. R. R. R. Co.*, 19 Hun, 69; *Watkins* v. *Atl. Ave. R. R. Co.*, 20 id. 237; *Hawley* v. *N. Cent. R. R. Co.*, 82 N. Y. 370.) The charge of the judge that it was for the jury to consider whether this board was the highest contrivance to use for the purpose for which it was used, was previously qualified by his charging that he did not think it was negligent to place the board across the aisle. (*Steinweg* v. *Erie R. Co.*, 43 N. Y. 123; *Hegeman* v. *W. R. R. Co.*, 13 id. 9; 2 Redf. on Rys. [3d ed.] 189; *Smith* v. *N. Y. & H. R. R.*, 19 N. Y. 127; *Salters* v. *D. & H. C. Co.* 3 Hun, 339.)

PECKHAM, J. The plaintiff brought this action to recover damages alleged to have been sustained by him through the negligence of defendant's servants. He was a passenger on one of the defendant's trains and was going, in September, 1882, from Hoboken to Murray Hill station. He took the train at 5.20, and was approaching his destination about 6.40. The plaintiff says he heard a whistle which he supposed was meant for his station and got up from the seat in which he was sitting and walked to the other end of the car to get some of his baggage, which, having done, he was returning to his former seat, when, in passing along the aisle, he tripped and fell over a board stretching across it from under one seat to the one immediately opposite, which board had been placed there by a brakeman in order to reach and light one of the lamps in the car. The plaintiff says that he was badly hurt, and he claims to recover his damages from the company, based upon the alleged negligence of the brakeman in leaving the board there while he went to the end of the car to attend to some duty consequent upon the approach of the train to the station. It was getting rather dark in the car at the time of the accident, and the board was raised from the floor about fifteen inches, and the plaintiff, while proceeding, as he says, with ordinary care, failed to see the board, which was so securely fastened in its place as not to yield, and it thus

caused the accident.   There was a dispute as to the time when
the board was placed there by the brakeman; the plaintiff
alleging it was between the time he passed down the aisle for
his baggage and his return to his seat, while the brakeman
alleged that he was standing, or just preparing to stand, on
the board when the plaintiff came up and asked him to let
him pass, which he did, and in doing so cautioned him to be
careful about or to look out for the board.   After the brake-
man had given this testimony on his direct-examination, the
plaintiff's counsel asked him what conversation he had with
the plaintiff on that day while on the train to Murray Hill
station.   This was objected to by defendant's counsel as
incompetent and immaterial, which, being overruled, he
excepted, and the witness answered that he had none — not
a word.   He was again asked if he did not state to the plain-
tiff that he had forgotten to move or slide back to its place
the board on which he had stood, and that it was his fault,
that he was careless.   This was also objected to, the objection
overruled, and the defendant's counsel excepted.   The wit-
ness then answered and denied that he had stated any such
thing.   The plaintiff was subsequently recalled and asked by
his counsel if he had any conversation with the brakeman in
relation to the accident on the day it occurred, and he
answered that he had, and under objection and exception by
defendant's counsel he stated the brakeman asked him if he
was much hurt, and he answered that he was badly hurt and
suffering great pain.   The court then asked him to repeat the
conversation, which he did, and added what he had not stated
in answer to his counsel, that the brakeman said; " it is my
fault the board being left there."

It is perfectly evident that the conversation about which
the brakeman was interrogated on his cross-examination was a
conversation after the accident had happened and was aimed
at drawing out a statement from the witness as to how the
accident had occurred or what caused it; and whose fault it was.
That evidence was plainly inadmissible against the defendant.
It was no part of the *res gestœ*, but was calling simply for a

narrative of the cause of a past occurrence. The authorities are numerous and it is not necessary to cite them. The evidence being in its nature inadmissible, the plaintiff could not obtain the benefit of it by cross-examining the brakeman in regard to it, and, upon his denying it, seek to prove it by another witness under the guise of contradicting the brakeman. The objection to the question was well taken when the plaintiff asked it on cross-examination, but the question being admitted under defendant's objection, and the witness denying that he ever said it, the plaintiff was bound by his answer and had no right to contradict him by other evidence. There was nothing in the evidence of the alleged conversation sworn to by the plaintiff, which legitimately tended to impeach or contradict the evidence given by the brakeman on his direct examination, which was proper as detailing a part of the occurence.

It is urged, however, that the addition made by the plaintiff in his answer to the court, by stating that the brakeman said it was his fault, did not come in under defendant's objection, and that no motion to strike it out being made there is no valid exception. This is not tenable. The evidence of the conversation, whatever it was, was duly objected to, and the court simply required the witness to repeat it. It was quite unnecessary to again repeat the objection. The court had already ruled that the conversation was proper, and when the witness, in again answering, made an additional statement, it came in under the objection and exception already taken.

It is also said that the evidence in the case is so plain as to the happening and the cause of the accident, that the testimony under consideration could not have possibly harmed the defendant. This we cannot clearly see. The case may have been fully proved, and yet the responsibility of defendant therefor not necessarily follow. This evidence was an admission of the brakeman that it was his fault that the board was left there, and we cannot say that the jury did not take such statement as an admission of its negligence by the company.

A verdict for the plaintiff having been rendered, and there being in the case evidence which was incompetent, and

which we cannot say may not have influenced (and which probably did influence) the jury, we have no alternative, but must reverse the judgment and grant a new trial, with costs to abide the event.

All concur.

Judgment reversed.