### McCabe v. Dry-Dock, E. B. & B. R. Co.

*(Common Pleas of New York City and County, General Term. February 3, 1890.)*

EVIDENCE—RES GESTÆ—EXCLAMATIONS.

In an action for personal injuries, declarations of plaintiff, not made at the same time of the accident, or so nearly contemporaneous with it as to characterize it or throw light upon it, are inadmissible, being in no sense a part of the *res gestæ.* Following *Sherman* v. *Railroad Co.*, 13 N. E. Rep. 616.

Appeal from eleventh district court.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*Robinson, Scribner & Bright,* for appellant.    *T. J. Shea,* for respondent.

BOOKSTAVER, J.   This is an action brought by the plaintiff to recover of the defendant damages, by reason, as he claims, of a negligent injury on the part of the defendant company to his wagon. The evidence on the question of negligence is very conflicting, and, were there nothing else in the case, we would not feel justified in reversing the judgment. But on the redirect examination of the plaintiff he was allowed to testify, against defendant's objection and exception, to a conversation between himself and one of the defendant's drivers, relating not only to matters which occurred at the time of the accident, but to what took place a considerable time afterwards; and also as to what would have happened had he been the driver instead of the one who was actually driving. We think this was error. The conversation was in no sense a part of the *res gestæ.* "The *res gestæ,* speaking generally, was the accident. These declarations were no part of that; were not made at the same time or so nearly contemporaneous with it as to characterize it or throw light upon it. They are purely narrative, giving an account of a transaction not partly past, but wholly past." *Waldele* v. *Railroad Co.*, 95 N. Y. 278; *Sherman* v. *Railroad Co.*, 106 N. Y. 546, 13 N. E. Rep. 616. For this error the judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.